**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **RALF HÜTTER** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. _____ |
| ) | |
| **EZELLERON, INC.** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Ralf Hütter ("Plaintiff"), by and through his attorneys, as and for his Complaint against eZelleron, Inc. ("eZelleron") alleges and states as follows.

## NATURE OF THE ACTION

1. This is an action for (i) false desigation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (ii) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and (iii) trademark dilution in violaton of Section 43(c) of the Lahham Act, 15 U.S.C. §1125(c).

**Plaintiff**

2. Ralf Hütter own the exclusive rights for the trademark/service mark KRAFTWERK for use in connection with music and related goods and services. Ralf Hütter owns U.S. Trademark Registration 3892884 for the mark KRAFTWERK for: clothing, namely, leisure clothing, namely, sport shirts, sport pants, sport shorts, sport jackets, sport skirts, sporting anoraks, leather jackets and imitation leather jackets, gloves, ties, bow-ties; sport socks, sport pullover; footwear, headwear, gloves; fleece-shirts; Incontestable U.S. Trademark Registration No. 3233744 for the service mark KRAFTWERK for: prerecorded magnetic, magneto-optical and optical carriers for sound and/or images, namely, magnetic data carriers, compact discs,

digital video discs, audio discs, video cassettes, audio cassettes, mini compact discs, and CD-ROMs, all featuring musical shows and performances; goods made from leather and imitations of leather, namely, school satchels, backpacks and rucksacks; publication of printed matter; presentation of musical performances; planning and arrangement of showing movies, shows, plays or musical performances; arranging and organization of concerts and musical performances; and Incontestable U.S. Registration 2192948 for KRAFTWERK for: prerecorded computer discs; CD-ROMs and magnetic computer tape all featuring sound data; video data and optical data in the field of music entertainment; photographic slide transparencies; baseball helmets; diving regulators; starting whistles; ergometers; video game cartridge; paper, cardboard and pasteboard products, namely, paper towels, paper napkins, filter paper, paper facial tissues, paper plates, paper cups, paper decorations, writing paper, toilet paper, paper diapers, cardboard containers, paper bags and wrapping paper, notepads; printed products, namely, newspapers featuring music, periodicals featuring music, magazines featuring music, brochures featuring music, sheet music, prospectuses featuring music, event programs featuring music, publicity folders featuring music, books featuring music, placards featuring music, printed tickets, printed invitations, printed participant cards, printed identification cards; paper transparencies; plastic transparencies; pens; pencils; office requisites, namely, rubber document stamps, ink pads, stamping ink; letter openers, paper cutters, letter racks, document hole punchers, paper file jackets, file folders, paper clips, staples, paper stickers, printed instructional, educational and teaching materials in the music area; globes; blackboards; blackboard writing instruments; plastic packaging material, namely, pouches, envelopes, bags, cases and films; self-adhesive plastic packaging material, namely, pouches, envelopes, bags, cases and films; playing cards; notepad holders; note holders; note paper dispensers; leather and imitation leather

containers not adapted to the contents, namely, purses, handbags, portfolios, shopping bags, travel bags, sport bags, satchels, backpacks, knapsacks, change purses, briefcases, key cases, small travel bags, writing implement cases, suitcases, umbrellas, parasols and walking sticks; leather bridles; television production; film production; radio production; video production; concert production; musical performance production; entertainment in the nature of live music; rental of concert halls and video studios (collectively, "Plaintiff's mark").  Copies of these registrations are attached hereto as Exhibit A.

3. Plaintiff's KRAFTWERK mark refers to the well known electronic music band and project KRAFTWERK, related goods and services, promotional items and accessories.

4. KRAFTWERK was formed in the 1970's and was a pioneer in electronic pop music.

5. The name KRAFTWERK has been in continuous use since 1970.

6. KRAFTWERK remains very popular and well known as a band to this day.

7. For example, a check of YouTube® on February 26, 2015, reveals thousands, if not hundreds of thousands, of videos of performances by the band, often with millions of hits each. A nine-year old video clip of The Robots has over 14 million hits. A three-year old clip of The Man Machine has over 2 million hits.

8. KRAFTWERK received a Grammy lifetime achievement award in 2014 and a Grammy Hall of Fame award in 2015.

9. In 1997, the New York Times called them "the Beatles of electronic dance music."

10. Because of the Plaintiff's long and extensive use of the KRAFTWERK mark, and the fame of the band, the mark KRAFTWERK is strong.

**Defendant**

11. On information and belief, Defendant eZelleron is a Delaware Corporation with an address at 19c Trolley Square, Wilmington Delaware 19806.

12. Defendant is raising money online to fund a portable charger called KRAFTWERK.

13. Defendant's KRAFTWERK charger may be used to charge electronic mobile devices such as smartphones.

14. Defendant is taking advance orders for the KRAFTWERK charging device.

15. Therefore, consumers are likely to assume that there is a connection, association, or relationship between the famous electronic Music band and a charger for portable musical-playing devices.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. § 1121 (trademark), 28 U.S.C. §§ 1331(federal question) and 1338 (trademark).

17. Personal jurisdiction is proper because Defendant is a Delaware Corporation with an address in Delaware.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant resides in, is subject to personal jurisdiction in, and is found in this judicial district.

## THE PARTIES

19. Plaintiff Ralf Hütter is a citizen of Germany with an address at Brahmsstraße 87 47799 Krefeld, Germany.

20. On information and belief, Defendant is a Delaware Corporation with a registered address at 19c Trolley Square, Wilmington Delaware 19806.

## COUNT I

**(Infringement of Registered Service Mark – 15 U.S.C. § 1114(1))**

21. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

22. This cause of action is for infringement of Plaintiff's federally registered trademark KRAFTWERK under 15 U.S.C. § 1114(1).

23. Through its use of the service mark KRAFTWERK, Defendant, if not enjoined, will cause, and is likely to cause, consumers in this judicial district and elsewhere to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendant's company and products, with Plaintiff, with the trademark KRAFTWERK, with Plaintiff's famous music band KRAFTWERK, or as to Plaintiff's sponsorship or approval of Defendant's business, products, or both.

24. Defendant's willful and unauthorized misuse of the trademark KRAFTWERK has damaged Plaintiff in an amount to be determined at trial.  Such use has also caused Plaintiff to suffer irreparable harm, and Plaintiff will continue to be irreparably harmed unless and until Defendant's unlawful conduct is enjoined.  Plaintiff has no adequate remedy at law.

## COUNT II

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))**

25. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

26. This cause of action is for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

27. Through its use of the trademark KRAFTWERK Defendant, if not enjoined, will cause, and is likely to cause, consumers in this judicial district and elsewhere to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendant's financial services, with Plaintiff, with the trademark KRAFTWERK, or as to the Plaintiff's association, sponsorship or approval of Defendant's services.

28. Defendant's unauthorized use of trademark KRAFTWERK has damaged Plaintiff in an amount to be determined at trial.  Such use has also caused Plaintiff to suffer irreparable harm, and Plaintiff will continue to be irreparably harmed unless and until Defendant's unlawful conduct is enjoined.  Plaintiff has no adequate remedy at law.

## COUNT III

### (Dilution– 15 U.S.C. § 1125(c))

29.  Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

30. This cause of action is for dilution of Plaintiff's trademark under 15 U.S.C. § 1125(c).

31. Plaintiff's mark KRAFTWERK is widely recognized by the general consuming public of the United States.

32. Plaintiff's mark is famous.

33. Plaintiff's mark was famous before Defendant began use of its mark.

34. Defendant's unauthorized use of trademark KRAFTWERK is likely to cause dilution by blurring of Plaintiff's trademark KRAFTWERK. Such use will cause Plaintiff to suffer irreparable harm, and Plaintiff will continue to be irreparably harmed unless and until Defendant's unlawful conduct is enjoined.  Plaintiff has no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in Plaintiff's favor and against Defendant, as follows:

A. Plaintiff requests that this Court grant an injunction pursuant to the powers granted under 15 U.S.C. § 1116, enjoining and restraining Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with it, from directly or indirectly using any trademark or trade name containing or consisting of the term KRAFTWERK, or any confusingly similar variation thereof, which is likely to cause confusion, mistake, or to deceive, including, but not limited to, online fundraising and advertising. Plaintiff requests relief in the form of an accounting by Defendant of all gains, profits and advantages derived from their unlawful activities, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of Defendant's unlawful conduct.

B. Plaintiff requests relief in the form of an award of compensatory and punitive damages in an amount to be proven at trial, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of Defendant's willful conduct.

C. Plaintiff requests relief in the form of an award of costs, including reasonable attorneys' fees, by virtue of the exceptional circumstances of this case, because of Defendant's willful conduct or both.

D. Plaintiff requests that the Court order that any and all the domain name registrations owned or controlled by Defendant containing the term KRAFTWERK be transferred to Plaintiff.

E. Plaintiff requests that the Court direct online service providers and fundraising platforms to remove references to Defendant's KRAFTWERK trademark.

F. Plaintiff requests that this Court grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  March 9, 2015                                    Respectfully Submitted,

Ralf Hütter


By: */s/ Jamie L. Edmonson*
Jamie L. Edmonson (JE 4247)
VENABLE LLP
1201 North Market Street, Suite 1400
Wilmington, Delaware  19801
(302) 298-3535 (Telephone)
(302) 298-3520 (Facsimile)
E-Mail:  jledmonson@venable.com


Of Counsel
Janet F. Satterthwaite
Mark B. Harrison
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
E-Mail: jfsatterthwaite@venable.com
         mbharrison@venable.com


*Attorneys for Plaintiff Ralf Hütter*